UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| VIRGINIA K. LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18 CV 45 CDP |
| | ) | |
| ANDREW M. SAUL, Commissioner of Social Security,[1] | ) ) ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Virginia K. Lucas brings this action under 42 U.S.C. §§ 405(g) and 1383(c) seeking judicial review of the Commissioner's final decision denying her claims for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, *et seq.*, and for supplemental security income (SSI) under Title XVI of the Act, 42 U.S.C. §§ 1381, *et seq.* Because the Appeals Council erred in refusing to consider new and material evidence submitted to it after the administrative law judge's (ALJ's) decision, I will remand the matter to the Commissioner for further consideration.

## Procedural History

On October 22, 2015, the Social Security Administration denied Lucas's

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Saul is substituted for Deputy Commissioner Nancy A. Berryhill as defendant in this action.

August 2015 applications for DIB and SSI in which she claimed she became disabled on August 3, 2015, because of back pain, back injury, depression, migraine headaches, back surgery, emotional stress, anxiety, and heel spur.  At Lucas's request, a hearing was held before an ALJ on May 30, 2017, at which Lucas and a vocational expert testified.  On November 3, 2017, the ALJ denied Lucas's claims for benefits, finding that vocational expert testimony supported a conclusion that Lucas could perform work that exists in significant numbers in the national economy.  On April 20, 2018, the Appeals Council denied Lucas's request for review of the ALJ's decision.  The ALJ's decision is thus the final decision of the Commissioner.  42 U.S.C. § 405(g).

In this action for judicial review, Lucas claims that the Appeals Council erred in failing to consider new, material, and relevant evidence submitted after the ALJ's decision.[2]  Lucas asks that I reverse the final decision and remand the matter to the Commissioner with instruction that it consider this additional evidence and grant review of the ALJ's decision.

For the reasons that follow, I will remand the matter to the Commissioner with instruction to resubmit the additional evidence at issue to the Appeals Council for appropriate consideration under the relevant Social Security Regulations.  I will

---

[2] In her complaint, Lucas raises additional claims of error.  (ECF 1.)  However, because she raises only the Appeals Council error in her Brief in Support of the Complaint (ECF 12) and states in a later filing that "the sole question for this Court to decide" is the claimed Appeals Council error (ECF 24), I consider the additional claims raised in Lucas's complaint abandoned.

not instruct that the Appeals Council grant review of the ALJ's decision. Whether to grant review is within the province of the Appeals Council upon remand.

**Medical Records and Other Evidence of Record**

With respect to medical records and other evidence of record, I adopt Lucas's recitation of facts set forth in her Statement of Uncontroverted Material Facts (ECF 13) and note that they are admitted by the Commissioner (ECF 21-1). I also adopt the Commissioner's Statement of Additional Facts (ECF 21-2), which Lucas does not dispute (ECF 24). These statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts are discussed as needed to address the parties' arguments.

**Relevant Background**

Dr. James L. Deline has been Lucas's treating physician since at least 1983. He has treated her over the years for various ailments and conditions, including the flu, sinusitis, depression, kidney stones, headaches, and back pain. He also managed her pregnancies. Dr. Deline's treatment records dated from 1983 through March 2017 were before the ALJ at the time of her decision. Among these records was a letter dated October 27, 2015, directed to a Missouri state representative, in which Dr. Deline described Lucas's exertional and non-exertional limitations caused by her depression and back pain. (Tr. 597.)

After the ALJ rendered her adverse decision on November 3, 2017, Dr.

Deline wrote a letter to the Appeals Council entitled "Letter of Appeal" in which he detailed Lucas's symptoms and work-related limitations caused by her depression and back pain, noting that she was first diagnosed with depression in 1998, suffers from chronic back pain as confirmed by diagnostic tests, and has not worked since February 2016 because of her impairments. (Tr. 32-34.) The letter is dated November 30, 2017, and was received by the Appeals Council on December 22, 2017.[3]

The Appeals Council acknowledged its receipt of Dr. Deline's November 30 letter but stated that the letter did not relate to the relevant period: "The Administrative Law Judge decided your case through November 3, 2017. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before November 3, 2017." (Tr. 2.) Because the Social Security Regulations provide that the Appeals Council does not accept additional evidence that does not relate to the period on or before the date of the ALJ hearing decision, *see* 20 C.F.R. §§ 404.970(c), 416.1470(c) (2017), it appears that the Appeals Council did not consider the letter in determining whether to review the ALJ's decision. Indeed, the Appeals Council did not list Dr. Deline's letter as additional evidence to be made part of the administrative record. (Tr. 1, 6.)

---

[3] Although additional medical records were submitted to the Appeals Council, Lucas challenges only the treatment given to Dr. Deline's November 30 letter.

Lucas contends that the Appeals Council erred in failing to consider Dr. Deline's letter in determining whether to review the ALJ's decision. Because the reason given by the Appeals Council to disregard this evidence is not supported by the record, I agree with Lucas's contention.

**Discussion**

The Appeals Council will review an ALJ's decision if it receives additional evidence that is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). Evidence submitted to the Appeals Council is material when it relates to the claimant's condition for the time period for which benefits were denied, and not to "after-acquired conditions or post-decision deterioration of a pre-existing condition." *Bergmann v. Apfel,* 207 F.3d 1065, 1069-70 (8th Cir. 2000). *See also Jones v. Callahan,* 122 F.3d 1148, 1154 (8th Cir. 1997) (new evidence concerning subsequent deterioration of a previously non-disabling condition is not material).

> When additional evidence is submitted to the Appeals Council in an attempt to obtain review of an ALJ's decision, and the Appeals Council denies review *with an express finding that the additional evidence is not new or material*, a reviewing court has jurisdiction to determine whether the Appeals Council erred in determining that the evidence was not "new" or "material" within the meaning of [the Regulations].

*Goodwin v. Astrue*, 549 F. Supp. 2d 1125, 1128-29 (D. Neb. 2008) (emphasis in original) (citing *Williams v. Sullivan*, 905 F.2d 214, 215-16 (8th Cir. 1990)). Whether evidence is actually new, material, and related to the adjudicated period is a question of law the court reviews de novo. *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).

"Medical evidence obtained after an ALJ decision is material if it relates to the claimant's condition on or before the date of the ALJ's decision." *Williams*, 905 F.3d at 216. The Appeals Council's failure to consider such evidence "may be a basis for remand by a reviewing court." *Box*, 52 F.3d at 171. *See also Whitney v. Astrue*, 668 F.3d 1004, 1006 (8th Cir. 2012); *Boyd v. Astrue*, No. 4:08CV02705 JLH/BD, 2009 WL 856699, at *4 (E.D. Ark. Mar. 30, 2009) (sentence four remand appropriate where Appeals Council erred by not evaluating new evidence as required by Regulations) (cited approvingly in *Svoboda v. Berryhill*, No. 4:17 CV 2437 (JMB), 2018 WL 3036464, at *8 (E.D. Mo. June 19, 2018)).

Here, the Appeals Council's conclusion that Dr. Deline's November 30 letter does not relate to the period on or before the ALJ's November 3 decision is incorrect. Merely because the evidence was obtained after the ALJ's decision does not render it immaterial. *Williams*, 905 F.2d at 216. In this case, Dr. Deline's letter states, in relevant part:

> My patient, Virginia Lucas, has severe depression along with *chronic* back pain. She is limited in daily activity and is unable to work on a

> sustained basis for any length of time. This diagnosis has been
> confirmed through physical examination, medical history, X-Rays,
> MRI's, CT scans, labs, and psychological exam. Ms. Lucas was *first
> diagnosed with depression in 1998. She has not worked since
> February 2016 due to her disabilities.* She is on medication,
> including pain medication with anti-depressants.

(Tr. 32.) (Emphasis added.) The letter also identifies symptoms exhibited by Lucas, including chronic fatigue, status-post back surgery, chronic migraines, and chronic headaches. (Tr. 33.) Although Dr. Deline's letter does not indicate the precise date when Lucas's symptoms began or the date upon which he considered her disabled, it does provide a sufficient basis to conclude that this evidence relates to the period on or before the date of the ALJ's decision of November 3, 2017 – especially given the stated 1998 diagnosis of depression and the chronic nature of Lucas's back pain and some of her symptoms. *See Williams*, 905 F.2d at 216. The Appeals Council therefore erred when it found that this additional evidence did not relate to the period at issue.

The Commissioner argues that I may not review Lucas's claim because she has failed to show "good cause" for her failure to submit this evidence before the administrative record closed. In the particular circumstances of this case, however, the "good cause" requirement does not apply on judicial review. First, as the Commissioner states, sentence six of 42 U.S.C. § 405(g) provides that the reviewing court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new

evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" Section 405(g)'s "good cause" requirement applies only in those cases where new evidence is presented directly to the reviewing court. *Box*, 52 F.3d at 171 n.4 (citing *Williams*, 905 F.2d at 216). The requirement is not applicable where, as here, the evidence was first submitted to the Appeals Council. *Id.* To the extent the Commissioner also argues that the Regulations themselves require a claimant to show good cause before the Appeals Council will consider additional evidence submitted to it,[4] whether and to what extent good cause exists under the Regulations is a matter for the Appeals Council to decide in the first instance, not this Court.

The Commissioner also argues that Dr. Deline's letter is cumulative and not "new" evidence because it merely reiterates other evidence of record that was before the ALJ, including Dr. Deline's October 2015 opinion. While this argument runs counter to the Commissioner's simultaneous position that the letter does not pertain to the time period before the ALJ's decision, it nevertheless cannot be said that the opinion set out in this letter – made by a treating physician of several years – is cumulative. No other treating physician with such a longitudinal picture of

---

[4] "The Appeals Council will only consider additional evidence . . . if you show good cause for not informing us about or submitting the evidence" to an ALJ. 20 C.F.R. §§ 404.970(b), 416.1470(b).

Lucas's impairments rendered such a detailed opinion of work-related restrictions. Moreover, two years had passed since Dr. Deline's October 2015 opinion, during which time Lucas experienced exacerbations of her depressive symptoms, requiring additional and more comprehensive psychiatric treatment as well as adjustments to her psychotropic medications.

Finally, the Commissioner argues that review of Dr. Deline's November 30 letter in conjunction with the evidence before the ALJ shows no reasonable likelihood that the letter would have changed the ALJ's decision because the ALJ's decision continues to be supported by substantial evidence on the record as a whole. The Appeals Council did not decline to consider the letter on this basis, however. It instead found only that the letter did not relate to the relevant period. Nothing in the Appeals Council Notice of Action shows that it reviewed the letter in substance and determined on that basis that it would not affect the ALJ's decision. And, because the Appeals Council did not consider this additional evidence in the first instance and did not make it a part of the administrative record, I am precluded from reviewing it here to determine if the ALJ's decision continues to be supported by substantial evidence. *Cf. Bergmann v. Apfel*, 207 F.3d 1065, 1068 (8th Cir. 2000) (in cases where additional evidence was submitted after hearing *and considered by* the Appeals Council, reviewing court's role is to determine whether ALJ's decision is supported by record as a whole, which now

includes new evidence).

## Conclusion

In order for the Appeals Council to review an ALJ's decision on the basis of additional evidence, the evidence must be "new, material, and relate[] to the period on or before the date of the hearing decision, *and* there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5) (emphasis added). Here, the Appeals Council declined to consider Dr. Deline's November 30 letter only because it found that the letter did not relate to the period on or before the date of the hearing decision. As discussed above, this was error. I will therefore remand this matter to the Commissioner with instruction to resubmit Dr. Deline's November 30, 2017, letter to the Appeals Council for appropriate consideration under 20 C.F.R. §§ 404.970 and 416.1470. Whether good cause is shown under the Regulations for the untimely submission or whether there is a reasonable probability that this additional evidence would change the outcome of the ALJ's decision are matters for the Appeals Council, as is the decision whether to review the ALJ's decision upon such considerations. In the circumstances of this case, it is not the role of this Court to make these determinations in the first instance.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is

**REVERSED**, and this cause is **REMANDED** for further proceedings consistent with this opinion.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 5th day of September, 2019.